## J. D. BROWN v. JOHN M. BAYER.[1]

### July 14, 1905.

### Nos. 14,418—(158).

**Conversion.**

Action for conversion, in which there was a verdict for the plaintiff. *Held*, that the verdict is sustained by the evidence, and that the trial court did not err in its charge to the jury.

Action in the district court for Clay county to recover $2,000 and interest for the conversion of a carload of live stock. The case was tried before Baxter, J., and a jury which rendered a verdict in favor of plaintiff for $1,783. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*James M. Witherow*, for appellant.

*F. H. Peterson*, for respondent.

START, C. J.

Action to recover the value of a carload of live stock alleged to have been converted by defendant. This is the second appeal herein. 91 Minn. 140, 97 N. W. 736.

The complaint alleged that on March 5, 1902, the plaintiff was the owner and in possession of the stock, which was of the value of $2,000, and that the defendant then unlawfully took it from the plaintiff's possession and converted it to his own use. The answer denied the allegations of the complaint, and alleged that the stock was the property of H. H. Baker, and was being fraudulently shipped in the name of the plaintiff for the purpose of defrauding the creditors of Baker; that the defendant, as sheriff of the county of Clay, levied upon and took the stock by virtue of a writ of attachment duly issued in an action against Baker brought by his creditors. The reply put in issue the allegations of fraud in the answer. There was a verdict for the plaintiff, and the defendant appealed from an order denying his motion for judgment or for a new trial.

1. The first contention of the defendant is that the verdict is not sus-

[1] Reported in 104 N. W. 225.

tained by the evidence. There was evidence tending to show that the stock was purchased for the plaintiff with money furnished by him for that purpose by Baker as his agent; that it was placed in a car billed in the name of the plaintiff, and started for its destination—South St. Paul; and, further, that when the car reached Moorhead the stock was taken by the defendant, acting as sheriff, under the writ of attachment. There was also evidence tending to support the claim of defendant that the stock was in fact the property of Baker, and was purchased and shipped in the name of the plaintiff as a cover to defraud his creditors, but such evidence was far from conclusive. The question of the plaintiff's ownership of the stock, and whether his apparent ownership thereof was simply colorable and fraudulent, was clearly made by the evidence one of fact for the jury, and their verdict for the plaintiff is amply sustained by the evidence.

2. The other alleged errors relate to the charge of the trial court to the jury. The defendant's exceptions to the charge are to the effect that it was partial, that it singled out and laid special stress upon facts favorable to the plaintiff and the principles of law applicable thereto, and ignored both the evidence and law applicable to the case of the defendant. There is nothing in the charge to justify the exceptions, for, taken as a whole, it was a clear, correct, full, and fair statement of the issues, the claims of the respective parties under the evidence, and the law applicable to each.

Order affirmed.